Susan Hinds
vs. } Law No.62683
Charles F. Hunter
May 17, 1926

WALSH, J. Heard on defendant's motion for a new trial after verdict for plaintiff in the sum of $1800.

The action is one of negligence brought by a tenant against the landlord to recover for injuries alleged to have been sustained by the breaking of a guard rail of an outside stairway used in common by the tenants of the house. The testimony s that plaintiff occupied the third floor tenement in the building for about eleven months prior to the day of the accident; that she generally used this outside stairway daily; that she took no notice of the condition of the railing; that on the day in question she leaned her hand against the railing as she was going by; that it gave way and she was thrown to the ground and sustained very severe injuries. There is no question but what her injuries received at the time were most serious and painful.

Two witnesses in behalf of plaintiff testified that they noticed the condition of the steps and rails prior to the date of the accident. Miss Conneely, a high school girl, who visited the family in the second floor tenement quite frequently, said she noticed the steps and rails before the accident; that the rails were shaky, the nails holding them were rusty; that she never sat on the rail because it was in bad condition; that she was warned by her mother of its bad condition and told to keep off of it; that you could see the rails were almost out of the railing; that the top railing was particularly bad; that she would fall if she leaned against the rail. Miss McAssey, who lived in the second floor tenement before the date of the accident, corroborated Miss Conneely.

The defendant showed that the posts and rails, which figured in the accident, were put in new about three and a half years before the accident; that he visited the property periodically and inspected it; that he had a carpenter look it over in June, 1924, about two months prior to the accident, and that there was nothing the matter with the posts, rail, etc., of the stairway at that time; that he never had any notice or complaint from the tenants or plaintiff that the outside stairway needed repair.

It seems to us that the plaintiff under the above circumstances should have detected the dangerous condition of these steps and rails long before she did discover it. The strong preponderance of the evidence in our opinion was with the defendant in his contention. We feel that substantial justice was not done as between the parties by the verdict of the jury.

Motion for new trial granted.

For Plaintiff: A. Cushing.

For Defendant: R. G. E. Hicks.